UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                      Case No. 14-CR-229

SARAH E. K. LAUX,

        Defendant.

ORDER ADOPTING MAGISTRATE JUDGE RECOMMENDATION
AND DENYING MOTIONS TO DISMISS

Sarah Laux has moved to dismiss counts 1 through 11 and count 25 of the indictment in this case. On April 24, 2015, Magistrate Judge William E. Duffin recommended that the court deny the motions. Laux objected to the recommendation and the United States responded.

Regarding a motion to dismiss, a magistrate judge may only propose findings and make recommendations; the ultimate decision is for the district judge. 28 U.S.C. § 636(b)(1)(A), (B); Fed. R. Crim. P. 59(b)(1). The district court judge must review de novo the recommendations of the magistrate judge to which a party timely objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(2), (3). Portions of a recommendation to which no party objects are reviewed for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The clear error standard means that the court can overturn the magistrate judge's ruling only if it is "left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997).

Laux does not object to the magistrate judge's recitation of applicable law, but rather to the application of that law to her case. Because the court sees no clear error respecting

the applicable law, it will overrule the defendant's objection to the magistrate judge's recommendation and adopt it for the reasons set forth below.

## COUNTS 1 AND 2

Laux argues that the bank-fraud charges in counts 1 and 2 must be dismissed because (1) the indictment fails to allege an element of the offense (intent to defraud), (2) the indictment fails to assert execution of a scheme to defraud, and (3) the two counts are multiplicitous. The bank fraud statute, 18 U.S.C. § 1344, makes it a crime to "knowingly execute[]" a scheme to defraud a financial institution. The indictment's introductory paragraph for counts 1 and 2 reads in part: "SARAH E.K. LAUX, a/k/a Sarah Kitzke, the defendant herein, knowingly devised and carried out a scheme to defraud Associated Trust Company, N.A." (Doc. 1, ¶ 5.) Paragraph 18 charges that she "knowingly executed the above-described scheme to defraud financial institutions." (Doc. 1, ¶ 18.) Nevertheless, as noted by Laux, the Seventh Circuit pattern jury instruction for the crime of financial-institution bank fraud, 18 U.S.C. § 1344, requires, as pertinent here, not only that the defendant knowingly executed a scheme to defraud a financial institution, but that the defendant acted with the intent to defraud. However, neither paragraph 5, 18 or any other paragraph of the indictment expressly alleges that Laux acted with "intent to defraud" respecting the bank fraud charges.

Laux contends that this omission of an allegation of intent to defraud dooms these counts. However, this court finds that intent to defraud was adequately charged. Indictments are read in a practical manner, as a whole, and not in a hypertechnical manner. *United States v. Yoon*, 128 F.3d 515, 522 (7th Cir. 1997). Paragraph 16.a. of the indictment reads that

2

> Laux made false statements of material fact to Associated Trust and Associated Bank in order to convince Associated Trust to authorize the distribution of, and to cause Associated Bank to distribute, $450,000 from the 1960 Trust for the ostensible purpose of funding the purchase of a condominium at Newcastle Place for Carleen Guenther's use, when, in fact, Laux intended to convert those funds to her own use.

(Doc. 1, ¶ 16.a.) Laux's making of false statements to cause a distribution for the benefit of Guenther while intending to take the money for herself charges an intent to defraud. *See, e.g.,* Seventh Circuit Pattern Federal Jury Instructions—Criminal 18 U.S.C. §§ 1341 and 1343 Definition of Intent to Defraud.

Laux argues that the indictment fails to allege an intent to defraud *a financial institution* rather than Guenther or other beneficiaries of Guenther's trust. However, this court finds that the indictment's allegations that Laux intentionally misled Associated Trust and Associated Bank and caused them to relinquish custody of trust funds that they were obligated to protect and to disburse money for an undisclosed purpose sufficiently alleges intent to defraud those institutions. *See United States v. Moede*, 48 F.3d 238, 242 (7th Cir. 1995) ("Moede knowingly placed the bank's trust fees and the assets of customer accounts at risk in his investment scheme. Even if no losses had been sustained, the bank would be at risk of civil liability for losing custody of its accountholders' money.").

Laux contends that the magistrate judge applied a deferential standard to the indictment's sufficiency, pointing to appellate cases in which the defendant failed to raise the matter prior to conviction so the issue was reviewed deferentially. This court has reviewed the issue de novo and finds that indictment sufficiently alleges intent. Although the precise phrase "with intent to defraud" was not used by the grand jury, the language noted above and the detailed facts concerning the alleged scheme to defraud provide

3

adequate notice of the offense charged, including the government's need to prove intent. *See United States v. Hunter*, 13 F. Supp. 2d 586, 589 (D. Vt. 1998).

Next, Laux contends that the indictment fails to allege any execution of the scheme. The bank fraud statute "punish[es] each execution of a fraudulent scheme rather than each act in furtherance of such a scheme." *United States v. Longfellow*, 43 F.3d 318, 323 (7th Cir. 1994) (alteration in original) (internal quotation marks omitted); *accord United States v. Allender*, 62 F.3d 909, 912 (7th Cir. 1995). According to Laux, the indictment here alleges only misrepresentations by her, not acts that would constitute execution. (*See* Doc. 31 at 4-5.) As she puts it, "[a] misrepresentation to a bank may be an act in furtherance of the scheme, but it is not necessarily an act executing the scheme. There is a difference." (Doc. 13 at 8.) Laux points to the definition of "execute" as "'[t]o complete; to make; to sign; to perform; to do; to follow out.'" (Doc. 31 at 4 (quoting Black's Law Dictionary 567 (6th ed. 1991); Doc. 13 at 9 (quoting same).)

This court finds that the indictment against Laux charges more than mere misrepresentations or acts in furtherance of a scheme. The indictment, in the section concerning executions of the scheme to defraud, charges that Laux "caused" Associated Trust to authorize and cause the distribution of money from Guenther's account. (Doc. 1, ¶ 18.) In preceding paragraphs, the indictment charges that Guenther gave Laux power of attorney over all of her personal checking and investment accounts at Associated Bank (Doc. 1, ¶ 13), Laux told an employee at Associated Trust that Guenther needed distributions from her trust to buy the condominium when that was no longer true (Doc. 1, ¶¶ 17.a., 17.b., 17.f.), and on the basis of Laux's authority and representations Associated Trust authorized and Associated Bank distributed amounts from Guenther's accounts (Doc.

4

1, ¶¶ 17.c., 17. 17.f.). The indictment charges more than that Laux merely made a misrepresentation to the bank or trust. It charges the combination of her authority and statements that "caused" the two distributions. The indictment adequately charges that through the combination of power-of-attorney authority and misrepresentations Laux "'completed," "made," performed" or "did" actions that executed a scheme to obtain through deceit money from Guenther's accounts for Laux's own purposes.

Next, Laux contends that counts 1 and 2 charge one offense in two separate counts, i.e., that they suffer from multiplicity. As recognized by the magistrate judge, to determine whether an indictment contains multiplicitous counts, the court determines the allowable unit of prosecution. Here, the unit of prosecution for 18 U.S.C. § 1344 is the execution of a scheme to defraud. *See Allender*, 62 F.3d at 912. Generally, conduct qualifies as an execution if it is chronologically and substantively distinct and subjects the victim to additional risk of loss. *Id.*; *Longfellow*, 43 F.3d at 323. A single scheme can be executed a number of times. *Longfellow*, 43 F.3d at 323.

The indictment sufficiently charges two instances of chronologically and substantively distinct conduct that caused separate losses to the victim. Laux allegedly caused a distribution on December 7, 2011, for $200,000 and a distribution on December 12, 2011, for $250,000. That the transactions involved the same trust and bank and accounts does not mean only one execution occurred. *See Longfellow*, 43 F.3d at 325 ("The fact that the two loans are related, or that the same Credit Union and Credit Union member was involved in both does not necessarily make them part of the same execution."). That the distributions occurred only five days apart does not necessarily mean they were part of the same execution of Laux's scheme to obtain money from

5

Guenther's accounts for Laux's personal use, either.  Laux allegedly committed two separate and distinct acts, either of which could have been committed without the other. Though both distributions were represented to relate to the purchase of a condominium, one distribution was targeted for an endowment payment while the other was misrepresented as the purchase.  In this case, five days apart is chronologically distinct; the two requests for disbursement with differently, separate amounts and different purported uses for the money were substantively distinct; and, importantly, the two disbursements caused separate losses.  The two requests for disbursement were not interdependent; one could have occurred without the other.  Moreover, each disbursement put the trust or bank at risk.  Hence, counts one and two are not multiplicitous.

## COUNTS 3-11 AND 25

One of the elements for mail and wire fraud, like that for bank fraud, is that the defendant knowingly devised or participated in a scheme to defraud *with the intent to defraud*.  Seventh Circuit Pattern Federal Jury Instructions—Criminal 18 U.S.C. §§ 1341 and 1343 Mail/Wire/Carrier Fraud—Elements.  Again, Laux contends that the indictment fails to allege the required element of intent.

Although the indictment does not specifically allege "intent to defraud" using those words, the facts set forth do assert such intent. The indictment charges (emphasis added) that Laux engaged in financial transactions using the Guenther and Eilcar money "based on materially false and fraudulent representations, omissions of material facts, *and the materially false and fraudulent pretense* that Laux was engaging in each of those financial transactions for the [victims'] benefit."  Similarly, Laux converted certain money by issuing checks to herself "based on Laux's materially false and fraudulent representations *and*

6

*pretense* that she had used those checks" for goods and services for the victim. (Doc. 1, ¶ 22.b., d. (emphasis added).) Further, the indictment states that on June 29, 2011, Laux requested Associated Bank to transfer money from Guenther's bank account to another bank account "on the false and fraudulent representation that Laux would use that money to pay upcoming bills for Carleen Guenther and her family when, in fact, Laux intended to convert that money to her own use," and that on December 6, 2011, Laux falsely represented to Associated Bank that Guenther needed disbursements from her trust to purchase a condominium and make an endowment payment when, in fact, "Laux intended to convert the $450,000 to her own use." (Doc. 1, ¶ 24a., b.) The mail fraud count includes contentions that Laux made materially false representations under the pretense that she would invest the victims' money in annuities "when, in fact, Laux intended to convert a substantial portion of their money to her own use." (Doc. 1, ¶ 39.) These charges sufficiently allege that Laux acted with the intent to defraud. Consequently, this court agrees with the magistrate judge that "it is not possible to read the indictment and be unclear as to whether the government is charging Laux with having acted with an intent to defraud her clients and the financial institutions." (Doc. 28 at 11.) Therefore,

IT IS ORDERED that the recommendation of the magistrate judge (Doc. 28) is adopted and Laux's motions to dismiss counts 1 and 2 (Doc. 13) and counts 3 through 11 and 25 (Doc. 14) are denied.

Dated at Milwaukee, Wisconsin, this 22nd day of July, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE